UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GERALDO A. MEDERO-GONZALEZ,    )
                                    )
              Petitioner    )
                                    )        Civil Action No.
              v.           )        05cv10624-MLW
                                    )
U.S. DEPARTMENT OF HOMELAND    )
SECURITY, IMMIGRATION AND    )
CUSTOMS ENFORCEMENT, ET AL.,    )
                                      )
              Respondent    )

RETURN AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

Petitioner challenges only his continuing detention, but because petitioner was released from custody on April 1, 2005, see Attachment A, Order of Supervision, the relief sought by petitioner -- his release from respondent's custody[1] -- has now come to pass -- -- and the case should be dismissed for lack of subject matter jurisdiction as moot.

**ARGUMENT**

I.   PETITIONER HAS BEEN RELEASED FROM RESPONDENT'S CUSTODY AND THEREFORE THE CASE SHOULD BE DISMISSED FOR MOOTNESS.

"It is well settled that a case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, ... or alternatively, when the 'party invoking federal court jurisdiction' no longer has 'a

personal stake in the outcome of the controversy.'" <u>Boston & Maine Corp. v. Brotherhood of Maintenance of Way Employees</u>, 94 F.3d 15, 20 (1st Cir. 1996) (citations omitted).

"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law."  Laurence H. Tribe, <u>American Constitutional Law</u> S 3-11, at 83 (2d ed. 1988) (internal quotations omitted). Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case.  U.S. Const. art.  III, S. 2  et seq.;  <u>see</u> <u>also</u> <u>U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership</u>, 115 S.Ct. 386, 390 (1994).

Because the result sought in the petition -- release from the custody of the Department of Homeland Security until such time as his removal becomes practicable -- has now been effected by petitioner's release from custody on April 1, 2005, <u>see</u> Attachment A, Order of Supervision, there is no continuing live case or controversy and accordingly the petition should be dismissed as moot.

---

[1] The responsive official of the Department of Homeland Security having control of petitioner's immigration custody in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston,

**CONCLUSION**

Because there is no present case or controversy, this action
should be dismissed for mootness.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to
be served upon pro se petitioner by mail on April 4, 2005, at his
most recently provided address upon release:

10 Apple Way
Weare, NH  03281

s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

---

Massachusetts.

3

ATTACHMENT A

U.S. Department of Justice
Immigration and Naturalization Service

# Order of Supervision

File No: A24 791 345

Date: March 31, 2005

Name:  MEDERO-GONZALES, Geraldo Alberto

On ___June 10, 2002___ , you were ordered:
(Date of final order)

☐ Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.

☒ Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

☒ That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

☒ That upon request of the Service, you appear for medical or psychiatric examination at the expense of the United States Government.

☒ That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

☒ That you do not travel outside ___The Boston District___ for more than 48 hours without first
(Specify geographic limits, if any)
having notified this Service office of the dates and places of such proposed travel.

☒ That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

☒ That you report in person on the ___1st business___ day of ___every month___ to this Service office at:
Detention & Removal, RM#1775; JFK Federal Building; Government Center; Boston, MA 02203
unless you are granted written permission to report on another date.

☐ That you assist the Immigration and Naturalization Service in obtaining any necessary travel documents.

☐ Other: _____

☐ See attached sheet containing other specified conditions (Continue on separate sheet if required)

_Bruce E Chadbourne_
(Signature of INS official)

Bruce E. Chadbourne
(Print name and title of INS official)

---

## Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the _____ language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

_____
(Signature of INS official serving order)

_____
(Signature of INS alien)

4-1-05
(Date)

Form I-220B (Rev. 4/1/97)N