```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

GERALDO A. MEDERO-GONZALEZ,     )
          Petitioner,           )
                                )
     v.                         )  C.A. No. 05-10624-MLW
                                )
UNITED STATES DEPARTMENT OF     )
HOMELAND SECURITY, ET AL.,      )
          Respondents.          )
```

MEMORANDUM AND ORDER

For the reasons stated below, the habeas petition is dismissed.

BACKGROUND

On March 30, 2005, petitioner Geraldo A. Medero-Gonzalez, an immigration detainee who was held at the Plymouth County Correctional Facility, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to proceed in forma pauperis. Petitioner alleges he arrived in the United States at Key West on May 27, 1980, as an unaccompanied minor Mariel Cuban[1] child who was "paroled" into the United States. He further alleges that he was ordered deported on June 10, 2002 and was taken into custody on July 19, 2004, after completing his prison sentence. The habeas petition challenges petitioner's continued detention pursuant to Clark v. Martinez, Nos. 03-878, 03-7434, 2005 WL 50099, 125 S. Ct. 716 (2005) arguing that he was detained

---

[1] Mariel Cuban is the term used to describe those Cubans who came to the United States in 1980 seeking asylum, many of whom traveled from the port city of Mariel, Cuba. See Rodriguez v. Thornburgh, 831 F. Supp. 810, 811 (D. Kan. 1993).

beyond the six-month presumptively reasonable detention period under Martinez.  See Petition, Docket No. 2.

On April 4, 2005, petitioner filed several documents that he failed to submit at the time of filing his petition.  See Petitioner's Letter, Docket No. 6.  On the same date, April 4, 2005, respondent filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure based upon petitioner's release from custody.  See Respondent's Motion, Docket No. 4.  Petitioner has not filed an opposition to respondent's motion to dismiss.  See Docket.

## DISCUSSION

I. Petitioner's Motion to Proceed In Forma Pauperis

A party filing a habeas petition in this Court must either (1) pay the applicable filing fee or (2) file an Application to Proceed Without Prepayment of Filing Fees and Affidavit (the "Application").  See 28 U.S.C. 1914(a) ($5.00 filing fee for habeas petitions); 28 U.S.C. 1915 (proceedings in forma pauperis).  An application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration.  Rule 3(a) of the Rules Governing Section 2254 Cases (if petitioner desires to prosecute petition in forma pauperis, he shall file the affidavit required by § 1915 and a certified statement of amount of funds in prisoner's institutional account); see 28 U.S.C. § 1915(a)(2).

Petitioner failed to submit a certified statement of amount of funds in his institutional account.  Although generally a petitioner who has failed to provide sufficient financial documentation is granted additional time to do so, because this action is subject to dismissal for the reasons stated below, the Court will deny his motion as moot.

II.  <u>This Action Will Be Dismissed as Moot</u>

The Court agrees with the respondent that the instant petitioner's release moots his petition because this Court is no longer presented with a case or controversy, as is required by the Constitution.  Because the relief sought in the petition, release from custody until such time as petitioner's removal becomes practicable, has now been effected by his April 1, 2005 release, there is no continuing live case or controversy and the habeas corpus petition is dismissed as moot.

<u>CONCLUSION</u>

ACCORDINGLY, for the reasons stated above,

(1) respondent's Motion to Dismiss (Docket No. 4) is allowed and the Court dismisses the petition as Moot;

(2) petitioner's Motion for An Expedite Ruling (Docket No. 1) is denied as moot;

(3) petitioner's Motion to Proceed In Forma Pauperis (Docket No. 3) is denied as moot.

The Clerk shall send petitioner a copy of this Memorandum

and Order by regular mail to 10 Apple Way, Weare, NH 03281.

SO ORDERED.

Dated at Boston, Massachusetts, this 15th day of October, 2005.

                                        /s/ Mark L. Wolf
                                        MARK L. WOLF
                                        UNITED STATES DISTRICT JUDGE